IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **COLLIS STRINGFIELD,** | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| v. | § § | _____ |
| **WEST ROCK SERVICES, LLC,** | § § | JURY DEMAND |
| Defendant. | § § § | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff invokes jurisdiction under the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and which provides for relief against race-and-color-based discrimination in employment.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202; and 42 U.S.C. §2000e-5(f)(3).

3. The unlawful employment practices alleged herein were committed by the Defendant within Russell County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III. ADMINISTRATIVE EXHAUSTION

4. Plaintiff fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed his Charge with the Equal

1

Employment Opportunity Commission within 180 days of occurrence of the last discriminatory or retaliatory acts. Plaintiff also timely filed his claims with this Court within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

### IV. PARTIES

5. Plaintiff, Collis Stringfield, is a black African American citizen of the United States, a resident of the State of Alabama, and a former employee of the Defendant.

6. Defendant, West Rock Services, LLC, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### V. STATEMENT OF FACTS

7. Plaintiff is a black, African American.

8. Plaintiff started working for Defendant in October of 2021.

9. Defendant hired Plaintiff for to perform electrical work.

10. At the time, Plaintiff had roughly 14 years of experience as an electrician performing both commercial and residential work.

11. Plaintiff's job performance with Defendant was impeccable.

12. Plaintiff performed his job with ease and both his skills and multiple supervisors evaluated his performance three time concluding he meets expectations and is progressing at an acceptable rate.

13. Prior to February 10, 2022, supervisors had not identified any deficiency that Plaintiff had not corrected or was in the process of correcting at an acceptable pace.

14. Like others, Plaintiff contracted COVID in January of 2022, causing his 90-day probationary period to extend to February 19, 2022.

15. Defendant hired Tony Sykes (white, Caucasian) in late January 2022 to work on a

less desirable shift than Plaintiff's shift.

16. With no prior indication that termination was forthcoming, Rex Redmon terminated Plaintiff on February 15, 2022, four (4) days before the end of his probationary period.

17. Rex told Plaintiff he was terminating him because he did not believe Plaintiff had the ability to perform the job.

18. Defendant moved Tony Sykes to Plaintiff's shift, and Tony Sykes took on responsibility for tasks and work previously performed by Plaintiff, effectively replacing Plaintiff.

## VI. CAUSE OF ACTION

### A. COUNT ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RACE-AND-COLOR-BASED DISCRIMINATION)

19. Plaintiff incorporates by reference ¶¶ 2-3 as if fully set forth herein.

20. Defendant was hired to fill the only open Mechanic IV position on his shift. Other similar positions were open on other shifts.

21. Defendant favored Tony Sykes (white, Caucasian) due to his race and desired to place him in Plaintiff's job on the more favorable shift.

22. Defendant terminated Plaintiff, transferred Tony Sykes to Plaintiff's former shift, and then gave Tony Sykes Plaintiff's responsibilities and work.

23. Plaintiff's termination constitutes an adverse employment action.

24. Plaintiff's color and or race was a substantial and motivating factor in Defendant's decision to terminate his employment. *See* ¶¶4-18.

25. Defendant allegedly terminated Plaintiff due to his failure to meet expectations.

26. Defendant's stated reason for terminating Plaintiff is pretext for discrimination since it did not take adverse action against him two months earlier when those deficiencies were allegedly known and or noted as corrected.

27. Defendant's stated reason for terminating Plaintiff is pretext for discrimination because it has offered varied and conflicting reasons for his termination. Defendant represented that Plaintiff's tardiness during the first 60 days of his employment contributed to its decision to later terminate that employment. However, Plaintiff's 60-day Review shows at the time of review, his superintendent did not find Plaintiff's punctuality an issue; the same is true for Plaintiff's subsequent reviews on December 16, 2021, and December 28, 2021.

28. Pretext is shown further where these reviews all reflect Plaintiff's performance "meets standards," and he is progressing at an acceptable rate.

29. Moreover, Defendant does not require employees have no tardiness, safety violations, or absolute job proficiency before the expiration of any probationary period.

30. Just over a month later, Defendant terminated Plaintiff, documenting for the first-time reasons why Plaintiff allegedly "does not meet standards," many of which allegedly occurred prior to December 28, 2021, but were not noted on prior reviews, or noted as significant.

31. Defendant's illegal bias caused Plaintiff to suffer a loss of wages and corresponding benefits.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

    a) Enter an Order requiring Defendant make Plaintiff whole by awarding him back-pay, lost benefits, and the position he would have occupied in the absence of Defendant's discrimination, punitive and compensatory damages, and/or nominal damages; and,

    b) Grant Plaintiff such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

Dated: February 6, 2023

                                    Respectfully submitted,

                                    /s/ Robert J. Camp
                                  **ROBERT J. CAMP**
                                  Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: rcamp@wigginschilds.com

                **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                    /s/ Robert J. Camp
                                    **ROBERT J. CAMP**